IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAMAL KARNA ROY,               ) | CIVIL NO.  08-00232 JMS/BMK |
|                                ) | |
| Plaintiff,                     ) | ORDER GRANTING PLAINTIFF'S |
|                                ) | APPLICATION TO PROCEED |
| vs.                            ) | WITHOUT PREPAYMENT OF |
|                                ) | FEES, DISMISSING COMPLAINT |
| ASSOCIATION FORMED IN 2007     ) | WITHOUT PREJUDICE, AND |
| AS CONGLOMERATE OF             ) | GRANTING LEAVE TO AMEND |
| INDEPENDENT 1000+              ) | |
| UNINCORPORATED SMALL AND       ) | |
| POORLY FINANCED                ) | |
| DISADVANTAGED PEOPLES, et al., ) | |
|                                ) | |
| Defendants.                    ) | |
| _____  ) | |

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, DISMISSING COMPLAINT WITHOUT PREJUDICE, AND GRANTING LEAVE TO AMEND**

Plaintiff, proceeding pro se, filed a Complaint in this court on May 19, 2008.  Because the Complaint was not accompanied with a filing fee or an application to proceed *in forma pauperis*, the court ordered Plaintiff to either pay the filing fee or submit a fully completed and executed *in forma pauperis* application by June 16, 2008.  On June 23, 2008, the court received Plaintiff's *in forma pauperis* application ("Application"), post-marked June 14, 2008.  Based on the following, the court GRANTS Plaintiff's Application, DISMISSES the

Complaint for failure to state a claim, and GRANTS Plaintiff leave to amend.[1]

## I. ANALYSIS

**A.     Plaintiff's Application Is Granted**

While not entirely clear, Plaintiff's Application indicates that he is not currently employed, receives approximately $543 in Social Security Disability and $143 in Social Security retirement benefits per month, and has $71 in a checking account. Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's Application.

**B.     Plaintiff's Complaint Is Dismissed**

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

---

[1] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing pro se; consequently, the court liberally construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (*citing Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  Plaintiff's Complaint consists of 49 pages of illegible handwritten notations, partially filled-out court forms, court rulings dismissing some of his numerous other lawsuits, and printouts from various Web sites. Plaintiff appears to assert that the Presidential election has violated his civil rights in some way, but his assertions are a rambling collection of documents and notes. From what the court can read, it does not appear that the Complaint sets forth any viable factual or legal theory, or articulates clearly the relief Plaintiff is seeking. Indeed, the court cannot even identify the numerous Defendants that Plaintiff appears to name.[2]  Accordingly, the court finds that Plaintiff has not provided a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8.  The court therefore

---

[2] While not clear, some Defendants appear to include "USA Govt," Barack Obama, "All State Board of Elections in USA" and "All Giant News Conglomerates."

DISMISSES Plaintiff's Complaint pursuant to 28 U.S.C. § 1915.

Regarding whether Plaintiff should be granted leave to file an amended complaint, the court is aware that Plaintiff has filed numerous complaints in this district and others, and is no stranger to the requirements of Rule 8.  His complaints in those actions have suffered from the same deficiencies described above, and numerous courts have instructed him on how to cure these deficiencies. *See, e.g., Roy v. Non-Hostile Evidentiary Def. et al.*, Civ. No. 08-00234 ACK-KSC (D. Haw. June 3, 2008) (Order Dismissing Complaint and Denying Application to Proceed in Forma Pauperis); *Roy v. U.S. Judiciary et al.*, Civ. No. 08-00197 SOM-KSC (D. Haw. Apr. 29, 2008) (Order Dismissing Complaint and Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees); *see also Jungle Democracy v. USA Gov't at Washington, DC & at Denver*, 206 Fed. Appx. 756 (10th Cir. 2006) (affirming dismissal of complaint because "no discernible claim is apparent from the complaint, and it does not give fair notice to the defendants regarding the grounds upon which the Plaintiff's claims rest"); *Ass'n of Comm. to Elect the Rev. Dr. Roy v. McCain*, 2008 WL 2473689 (D. R.I. May 23, 2008) (dismissing action after Plaintiff failed to submit an amended complaint that was comprehensible).

Further, several courts have found Plaintiff's complaints malicious

and frivolous. *See Roy v. All State Bd. of Elections et al.*, Civ. No. 07-00543 HG-LEK (D. Haw. Nov. 5, 2007) (Order Granting In Forma Pauperis Request and Dismissing Complaint and Action); *see also Roy v. All State Bd. of Elections*, 2007 WL 2984701 (W.D. Wash. Oct. 2007) (dismissing complaint as frivolous); *Roy v. United States*, 2007 WL 1109296 (D. Del. Apr. 11, 2007 (dismissing complaint with prejudice as malicious and frivolous). As a result of Plaintiff's numerous filings, some districts have even barred Plaintiff from filing any *in forma pauperis* actions without first obtaining leave of court. *See In re Roy*, 2008 WL 2065702, at *1 (E.D.N.Y. May 13, 2008) ("Mr. Roy is enjoined from filing any new *in forma pauperis* action in the District Court for the Eastern District of New York without first obtaining leave of this court."); *Roy v. Ass'n to Demand Equitable Justice*, 2007 WL 4223219 (W.D. Tex. Nov.27, 2007) (barring Plaintiff from filing any future civil actions in any court in the Western District of Texas without first seeking leave of court).

Given the content of Plaintiff's Complaint and in light of Plaintiff's extensive litigation history, it appears that this Complaint is just another of Plaintiff's frivolous actions. However, the court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court therefore GRANTS Plaintiff leave to file an amended complaint by no later than July 11, 2008. If Plaintiff chooses to file an amended complaint, he must clearly and legibly identify each Defendant and state in a simple manner how each of the named Defendants has injured him.

## II. CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's Application, and DISMISSES the Complaint. Plaintiff is given leave to amend his Complaint to state viable claims by July 11, 2008. Failure to file an amended complaint by July 11, 2008 will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 30, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Roy v. Assoc. Formed in 2007 as Conglomerate of Indep. 1000+ Unincorporated Small and Poorly Financed Disadvantaged Peoples, et al.*, CIVIL NO. 08-00232 JMS/BMK, Order Granting Plaintiff's Application to Proceed Without Prepayment of Fees, Dismissing Complaint Without Prejudice, and Granting Leave to Amend